Chief Justice Robertson
delivered the Opinion of the Court,
This is an action of detinue for a female slave, born in 1822 or 1823, in this state, of a slave named Rose, and sold, in 1826, to the defendant, by Samuel Merrill; but claimed by Levin P. Merrill, the son of said Samuel, under {he will of Levin Payne, of Maryland, who died in 1821, and who had, some time in 1819, delivered Rose to the said Samuel, (his son in law,) and, in the language of the bill of exceptions, “ made him a bill of sale of her, for five years.” It does not appear that the defendant, at the time of his purchase, or before, had any notice, actual or constructive, of the plaintiff’s title or claim. And it appears, from the bill of exceptions, that the plaintiff was an infant until within about four years prior to the institution of this suit, in 1833, and lived with his father until after he became twenty one years of age; and that Rose was brought to this state, from Maryland, shortly after her delivery to Samuel Merrill by Levin Payne, and remained here, in said Merrill’s family, until some time after the plaintiff attained twenty one years of age, when he'left his father, and took her with him.
Upon this state of case, the circuit court instructed the jury — first, that, if they believed that said S. Merrill had retained the possession of Rose for five years, under a contract (act of hiring) with Payne, for that term, and that the defendant was a bona fide purchaser of her child, without notice of the plaintiff’s claim, the statute of frauds would protect him ; second, that an adversary possession, for five years, by the defendant, since his purchase, would bar the plaintiff’s action, and would, of *163 Rself, vest thb legal right to the slave in contest in the 'defendant.
If one lends a slave to another, which, after a term, is to revert or pass to a third party, the termor, during hig possession, holds under the bailor, not under the reversioner.
Ifthe agreement for the reversion, in such case, was not in writing, duly acknowledg ed and recorded; and the bailee and those claiming under him retain the-possession, in this state, for five years before suit, creditors and purchasers under the bailee, without notice, will be protected by the statute of frauds. — The same principle applies to tiie children of the slave, born during or after tiie five years. But the holding by the bailee and those claiming under him,must be in this state; the statute does not apply to a possession held in another state.
One was possessed of a chat-. tel to hold for a term, after which it was to vest in another, and when the term expired, they were both living together in the same family: the actual possession may he presumed to have changed at the moment when the right of possesrion changed — a jury may so find, without proof of any action of the parties in reference to the possession.
These instructions present the only questions to be considered by this court. And we are of the opinion that neither of the instructions can be maintained.
First. The condition of the plaintiff may not be better than that of his testator would have been, had he lived until the expiration of the term of five years, during which Samuel ftlerrill held Rose, and had then died. As there is no proof that the alleged bill of sale was recorded in Kentucky, had Samuel Merrill held the possession of Rose for five years, in this staie, and then sold her, the statute of frauds would have protected the purchaser against Payne, whether his contract with Merrill had been a loan, or had been a sale, or hiring for the term of five years or more. And, although Samuel Merrill had not been in the possession of Rose’s child as long as five years before the sale to the defendant, nevertheless, if he had been in the possession of Rose, under Payne, five years or more, in Kentucky, when the defendant bought her child, the statute of frauds applied as well to the child as to the mother ; because whenever a bona fide creditor or purchaser had a right to consider Samnel Merrill to be the owner of the mother, be had an equal right, of course, to deem him to be the owner also of her child.
If, as alleged, Samuel Merrill had a right to Rose for five years, under his bill of sale, the will of Payne vested in the plaintiff, only the reversionary interest ; and, therefore, the possession by Samuel Merrill, during the term which the bill of sale specified, should not be deemed to have been the possession of his son (the plaintiff,) nor under his title, but should, nothing appearing to the contrary, be deemed to have been under the title of Levin Payne ; and consequently, if Samuel Merrill held Rose five years, in Kentucky, under and in virtue of his contract with Payne, so that the statute of frauds would have operated on Payne’s right, it would equally affect *164 the plaintiff’s right, because Ids only right, derived from Payne’s will, was the reversion to which the testator was entitled after the termination of the term of live years. But the Kentucky statute of frauds cannot ope* rate upon any possession of Rose by Samuel Merrill in Maryland. And, as the will vested the title to Rose in the plaintiff at the expiration of his father’s term of five years, and as, at that time, he was an infant living with his father, the possession, which, in general, should be deemed to follow the title, might be presumed to have been in the son, the plaintiff, and not in the father, from the moment'when the father’s term of five years, whicli he claimed to have derived from Payne, had ended ; and, of course, in that event, if any portion of the term had expired before Samuel Merrill brought rose to Kentucky, he may never have been in the possession of her as long as five years in this state.
The act oflimitations, barring the rigjit to recover a slaveafter an adverse holding for five y ears, saves the rights of infants for 5 years after they attain to
Wherefore, as the first instruction does not discriminate between a possession in this state and a possession in Maryland, or between a possession under the title of Payne and a possession under the title of the plaintiff, it must be deemed erroneous; because, conceding every thing hypothetically assumed in it, the jury might have inferred a state of case to which the statute could not apply, and which might entitle the plaintiff to a judgment, if the whole transaction should be deemed fair and candid.
Second. As the plaintiff was an infant when his cause of action accrued, and five years had not run from the time when he attained twenty one years óf age, to the institution of this suit, and as no person but the plaintiff had any 'cause of action at the date of the defendant’s, purchase, the statute of limitations cannot bar tiie action ; nor cao the duration of the defendant’s adversary possession, of itself, vest the legal right in him, so far as it is called in question in this' suit.
Wherefore, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.